**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank J. Mazzaferro
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGH BIRTHWRIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>-against-<br><br>ADVANCE STORES COMPANY, INC., d/b/a ADVANCE AUTO PARTS<br><br>Defendant. | No:<br><br>CLASS ACTION COMPLAINT |

Hugh Birthwright ("Birthwright" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiff and similarly situated non-exempt hourly positions such as store drivers (collectively, "Hourly Workers") who work or have worked for Advance Stores Company, Inc. ("Advance Auto Parts" or "Defendant") in New York State.

2. At all relevant times, Defendant has compensated Plaintiff and all other Hourly Workers in New York on a bi-weekly basis.

3. Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Hourly Workers in New York their wages within seven calendar days after the end of the

1

week in which these wages were earned.

4.     In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similarly situated Hourly Workers in New York.

5.     Plaintiff brings this action on behalf of himself and all other similarly situated Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL").

## THE PARTIES

**Plaintiff**

### Hugh Birthwright

6.     Birthwright is an adult individual who is a resident of the State of New York.

7.     Birthwright was employed by Advance Auto Parts as an Hourly Worker December 14, 2021 through January 6, 2022.

8.     Birthwright is a covered employee within the meaning of the NYLL.

**Defendant**

### Advance Stores Company Inc.

9.     Defendant is a foreign business corporation organized and existing under the laws of Virginia.

10.     Defendant's principal executive office is located at 5008 Airport Road, Roanoke, Virginia 24018.

11.     Defendant was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

12.     Defendant has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied

to them.

13. Defendant applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

15. There are over 100 members in the proposed class.

16. Defendant is subject to personal jurisdiction in New York.

17. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conduct business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

18. Plaintiff brings the First Cause of Action, an NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Hourly Workers for Advance Auto Parts in New York from February 1, 2016 through the date of final judgment in this matter (the "New York Class").

19. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

20. There are more than fifty members of the New York Class.

21. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

22. Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

23. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

24. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

26. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

>   (a) whether Defendant correctly compensated Plaintiff and the New York Class on a timely basis.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

27. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Hugh Birthwright**

28. Birthwright was employed by Defendant until January 1, 2022 as a Driver for the Advance Auto Parts store located at 1175 Sunrise Hwy, Bay Shore, New York 11706

29. During Birthwright's employment, over twenty-five percent of his duties were physical tasks, including but not limited to: (1) driving a vehicle; (2) loading and unloading automotive parts; (3) regularly lifting up to 100 pounds; (4) stocking merchandise and other items; and (5) general cleaning of the store.

30. Defendant's description of Birthwright's position highlight its manual nature:

> "While performing the duties of this job, the employee will predominantly be walking or standing. The employee is required to be able to talk and hear, and use hands and fingers to handle or feel; reach with hands and arms; climb or balance; and stoop, kneel, crouch, or crawl. The employee must frequently lift and/or move up to 50 pounds and occasionally lift and/or move up to 100 pounds."

**Exhibit A.**

31. Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Birthwright has been compensated by Defendant on a bi-weekly basis.

32. As a result of Defendant's untimely wage payments, Birthwright was underpaid.

**FIRST CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the New York Class)**

33. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

34. The timely payment of wages provisions NYLL § 191 and its supporting

regulations apply to Defendant and protect Plaintiff and the New York Class.

35. Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

36. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages permitted by law pursuant to the NYLL.

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       February 1, 2022

Respectfully submitted,

/s/ *Brian S. Schaffer*
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank J. Mazzaferro
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

Raymond Nardo
RAYMOND NARDO, P.C.
129 Third Street
Mineola, NY 11501
Telephone: (516)248-2121

*Attorneys for Plaintiff and
the Putative Class*