# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HUGH BIRTHWRIGHT, individually and on behalf of all others similarly situated,**<br><br>                              **Plaintiff,**<br>        -against-<br><br>**ADVANCE STORES COMPANY, INC., d/b/a ADVANCE AUTO PARTS**<br><br>                              **Defendant.** | **No: 2:22-CV-00593 (GRB)** |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank J. Mazzaferro
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

**RAYMOND NARDO, P.C.**
Raymond Nardo
129 Third Street
Mineola, NY 11501
Telephone: (516) 248-2121

**<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES ............................................................................................... iii

I.  INTRODUCTION ......................................................................................................... 1

II.  PROCEDURAL HISTORY ......................................................................................... 2

III.  AUTHORITY & ARGUMENTS ................................................................................. 3

  A.  Article III Standing............................................................................................ 3

  B.  Allegations That A Plaintiff Was Not Paid Timely Is Itself A Concrete Monetary Harm Giving Rise To Article III Standing.......................................................................... 3

    i. .............. Allegations that an employer violated the timely pay requirements of the NYLL is sufficient to establish Article III standing............................................................ 5

    ii. ...... Courts have similarly accepted allegations of an untimely payment under the FLSA as enough to establish Article III standing. ................................................................ 7

  C.  *Rosario* Creates a Heightened Pleading Standard not Contemplated by Relevant Precedent................................................................................................................ 9

  D.  Plaintiff's Amended Complaint Adequately Pleads Article III Standing ...................... 12

IV.  CONCLUSION............................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Cases**

*Andrews v. Rite Aid Corp.*, No. 20 Civ. 4521 (VSB) (S.D.N.Y. Mar. 11, 2021) .......................... 7

*Beh v. Community Care Companions Inc.*, No. 19 Civ. 1417 (JLS)(HBS),
2021 WL 3914297 (W.D.N.Y. Feb. 1, 2021) ................................................................ 8

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) ...................................................... 4

*Calderon v. Witvoet*, 999 F.2d 1101 (7th Cir. 1993) ..................................................... 4

*Carpenters Indus. Council v. Zinke*, 854 F.3d 1 (D.C.C. 2017) ................................... 4

*Carter v. HealthPort Techs., LLC*, 822 F.3d 47 (2d Cir. 2016)..................................... 3

*Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK)(SJB),
2021 WL 4407856 (E.D.N.Y. Sep. 27, 2021)....................................................... 6, 9, 11

*Caul v. Petco Animal Supplies, Inc.*, No. 20CV3534(RPK)(SJB),
2021 WL 6805889 (E.D.N.Y. Dec. 22, 2021). ............................................................. 7

*Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976) ............................ 8

*Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826 (7th Cir. 2018) .......................... 8-9

*Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21 Civ. 9768 (LJL),
2022 WL 563264 (S.D.N.Y. Feb. 24, 2022).................................................................. 6

*Epstein v. JPMorgan Chase & Co.,* No. 13 Civ. 4744 (KPF),
2014 WL 1133567 (S.D.N.Y. Mar. 21, 2014) ............................................................. 10

*Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453 (7th Cir. 2010) ........................ 8

*Hicks v. T.L. Cannon Management Corp. et al.*, No. 13 Civ 06455 (EAW),
2018 WL 2440732 (W.D.N.Y/ Mar. 13, 2018) ............................................................. 6

*Hunt v. Interactive Med. Specialists, Inc.*, No. 19 Civ. 13,
2019 U.S. Dist. LEXIS 208561 (N.D.W.V. Dec. 4, 2019)........................................... 4-5

*Imbarrato v. Banta Mgmt. Servs., Inc.*, No. 18 Civ. 5422 (NSR),
2020 WL 1330744 (S.D.N.Y. Mar. 20, 2020) .............................................................. 6

*John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732 (2d Cir. 2017)............................... 3

*Kawa Orthodontics, LLP v. Secretary, U.S. Department of the Treasury,*
773 F. 3d. 243 (11th Cir. 2014) ................................................................ 10

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ................... 2-3

*Mabe v. Wal-Mart Assocs., Inc.*, No. 1:20-CV-00591,
2021 WL 1062566 (N.D.N.Y. Mar. 18, 2021) .............................................. 5

*Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*, 19 F.4th 58 (2d Cir. 2021) ...................... *passim*

*McRobie v. Palisades Acquisition XVI, LLC*, No. 15 Civ 18,
2022 U.S. Dist. LEXIS 38778 (W.D.N.Y. Mar. 4, 2022) ............................................. 16

*MSPA Claims 1, LLC v. Tenet Florida*, 918 F.3d 1312 (11th Cir. 2019) .............................. 8, 10

*People v. Vetri*, 309 N.Y. 401 (1955) ............................................................ 5

*Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418 (S.D.N.Y. 2019) ...................................... 7, 9

*Rigopoulos v. Kervan*, 140 F.2d 506 (2d Cir. 1943) ............................................. 3, 4

*Rogers v. City of Troy*, 148 F.3d 52 (2d Cir. 1998) .......................................... 4, 8

*Rosario v. Icon Burger Acquisition LLC,* No. 21 Civ. 4313 (JS)(ST),
2022 WL 198503 (E.D.N.Y. Jan. 21, 2022*)* ................................................... *passim*

*Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18 Civ. 0086 (SJF)(AKT),
2019 WL 1559424 (E.D.N.Y. Apr. 9, 2019) .............................................. 6

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) .......................................... *passim*

*Stephens v. U.S. Airways Group*, 644 F.3d 437 (D.C.C. 2011) ................................... 7

*Strubel v. Comenity Bank*, 842 F.3d 181 (2d Cir. 2016) ...................................... 6

*Taylor v. Fed. Aviation Admin.* 351 F. Supp. 3d 97 (D.D.C. 2018) ............................. 10

*TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) ...................................... *passim*

*Van v. LLR, Inc.*, 962 F.3d 1160 (9th Cir. 2020) ........................................... 8, 10

*Vega v. CM & Assoc. Constr. Mgt., LLC*,
175 A.D.3d 1144 (N.Y. App. Div. 1st Dep't 2019) ...................................... 3, 4, 5, 6

**Statutes**

Fed. R. Civ. P. 15 ................................................................................................... 2

New York Labor Law § 191(1)(a) .................................................................. *passim*

**Other Authorities**

Nishant Choksi, Helping Low-Income Workers Stay Out of Debt,
Harvard Business Review (2020) ........................................................................... 5

## I.   __INTRODUCTION__

Allegations that an employer failed to pay an employee timely wages in violation of New York Labor Law ("NYLL") § 191(1)(a), are sufficient to establish Article III standing. The New York Legislature drafted the statute with the intent of providing damages for an employee who falls victim to the late payment of wages. By limiting section 191(1)(a) to manual workers, the Legislature sought protections for those employees who need access to their wages to pay for the necessities of life. As a manual worker earning approximately $16.00 per hour, Plaintiff is exactly the type of individual the statute is meant to protect.

Courts have found that failing to pay a plaintiff timely constitutes an underpayment thereby giving rise to a concrete, monetary harm contemplated by the Supreme Court and the Second Circuit. When compared to the Fair Labor Standards Act ("FLSA"), similar allegations of a late payment of wages has been enough to give rise to Article III standing.

While the weight of caselaw supports Plaintiff's position, a singular decision attempts to raise the bar on what is acceptable at the pleading phase for 191 violations. In that regard, *Rosario v. Icon Burger Acquisition LLC*, takes well established precedent and reworks the current standards to add additional requirements. No. 21 Civ. 4313 (JS)(ST), 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022). Despite acknowledging that "…the late payment of wages can constitute a concrete harm sufficient to confer standing on a plaintiff who seeks relief under Sections 191 and 198 of the NYLL," *Rosario* requires more specific allegations regarding the monetary harm suffered. *Id.* at *3. *Rosario's* holding is misguided as it relies on decisions[1] which evaluated whether Article III standing existed for purely statutory violations that did not cause the plaintiff *any* financial injury.

---

[1] *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021); *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58 (2d Cir. 2021).

While Plaintiff disagrees with the holding in *Rosario*, Plaintiff has amended his complaint to add allegations that he was denied the time-value of his money and was unable to invest, save, or purchase utilizing the wages he earned and was owed. Plaintiff further supports that he experienced a monetary harm as a result of Defendant's violation of law, because he was unable to pay overdue bills or use his owed wages to purchase groceries. Collectively, these allegations surpass the heightened pleading standard outlined in *Rosario* and establish Article III standing.

As a result, Plaintiff respectfully requests that the Court not dismiss his First Amended Complaint ("FAC") for a failure to plead Article III standing.

## II.   **PROCEDURAL HISTORY**

On February 1, 2022, Plaintiff filed his Complaint alleging Defendant violated the NYLL § 191(1)(a)'s timely pay requirements for manual workers. Dkt. No. 1. Plaintiff filed a waiver of service with the Court on March 3, 2022, making Defendant's responsive pleading due on May 2, 2022. Dkt. No. 7.

On March 17, 2022, the Court issued an Order to Show Cause as to why his Complaint should not be dismissed in light of *Rosario v. Icon Burger Acquisition LLC*, No. 21-CV-4313(JS)(ST), 2022 WL 198503 (E.D.N.Y. Jan. 21, 2022).

As no responsive pleading or motion had been filed by Defendant, in compliance with Fed. R. Civ. P. 15, Plaintiff filed his FAC on March 24, 2022. Dkt. No. 10.

## III.   **AUTHORITY & ARGUMENTS**

### A.   **Article III Standing**

"Article III standing requires plaintiffs to show (1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *Maddox*, 19 F.4th at 62 (quoting *Lujan v. Defs. of Wildlife*,

504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks omitted)). The Supreme Court has "recognized that physical and monetary harms, along with other traditional tangible harms, readily qualify as concrete, and that certain intangible harms, such as reputational harm, qualify as well." *Id.* at 63 (citing *TransUnion LLC*, 141 S. Ct. at 2204). The Second Circuit has described the injury in fact requirement as "a low threshold[.]" *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017).

Even very small monetary losses are sufficient to establish Article III standing. *See e.g.*, *Carpenters Indus. Council v. Zinke*, 854 F.3d 1 (D.C.C. 2017) (Kavanaugh, J.) ("A dollar of economic harm is still an injury-in-fact for standing purposes."); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016) ("Any monetary loss suffered by the plaintiff satisfies [the injury-in-fact] element; even a small financial loss suffices.") (internal quotation marks and alterations omitted). Because "[m]oney later is not the same as money now," Plaintiff has pled a quintessential monetary harm that establishes Article III standing. *Stephens v. U.S. Airways Group*, 644 F.3d 437 (D.C.C. 2011).

## B. Allegations That A Plaintiff Was Not Paid Timely Is Itself A Concrete Monetary Harm Giving Rise To Article III Standing

An underpayment of wages is a monetary harm that gives rise to Article III standing[2] under both the NYLL and the FLSA. *See Vega v. CM & Assoc. Constr. Mgt., LLC*, 175 A.D.3d 1144, 1145 (N.Y. App. Div. 1st Dep't 2019) (holding that an employee suffers an "underpayment" of wage "[t]he moment that an employer fails to pay wages in compliance with [the timely pay requirements of NYLL] section 191(1)(a)"); *Rigopoulos v. Kervan*, 140 F.2d 506, 507 (2d Cir. 1943) ("Section 7 of the [FLSA] plainly contemplates that overtime compensation shall be paid in

---

[2] To be sure, Plaintiff is not aware of any federal court that has required a plaintiff who alleges that he was not paid all wages due under the FLSA or a state what he would have done with the unpaid wages in order to establish standing.

3

the course of employment and not accumulated beyond the regular pay day.  Hence, the failure to pay it when due was a violation of section 7, which rendered the employer 'liable,' as declared in section 16(b), not only for the unpaid overtime compensation but also for liquidated damages in an additional equal amount").

An employee is harmed by the late payment of wages because "[t]he employee loses the use of money whether he or she is never paid, partially paid, or paid late." *Vega*, 175 A.D3d at 1146 n.2. The liquidated damages provisions of the NYLL and FLSA exist to remedy this harm.[3] *Id*. (noting that the stated purpose of liquidated damages under the NYLL is to "compensate the employee for the loss of the use of the money to which he was entitled").  As the Supreme Court has stated:

> "…the liquidated damage provision [of the FLSA] is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages.  It constitutes a Congressional recognition that failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers and to the free flow of commerce, that double payment must be made in the event of delay in order to inure restoration of the worker to that minimum standard of well-being."

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (internal quotation marks omitted).

Accordingly, federal courts have adjudicated FLSA claims seeking only liquidated damages when wages have been paid late but in full.  *See e.g.*, *Brooklyn Sav. Bank*, 324 U.S. 697; *Rogers v. City of Troy*, 148 F.3d 52, 55 (2d Cir. 1998); *Calderon v. Witvoet*, 999 F.2d 1101, 1107 (7th Cir. 1993); *Rigopoulos*, 140 F.2d at 507; *Hunt v. Interactive Med. Specialists, Inc.,* No. 1:19CV13, 2019 WL 6528594, at *3 (N.D.W. Va. Dec. 4, 2019) ("[T]he parties do not dispute that

---

[3] While not identical the liquidated damages provisions of the FLSA and NYLL have no "meaningful" differences. *See Vega*, 175 A.D.3d at 1146.

Hunt sufficiently alleged an injury in fact by alleging that the Defendants willfully paid her . . . less than the minimum wage for work performed during three pay periods amidst the recent Government shutdown.  Although the Defendants eventually paid these wages, other courts have held that employers violated the FLSA by failing to pay minimum wages on time during a budget impasse").

> **i.   Allegations that an employer violated the timely pay requirements of the NYLL is sufficient to establish Article III standing.**

"New York Labor Law § 191(1)(a)(i) provides that '[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned[.]'" *Mabe v. Wal-Mart Assocs., Inc.*, No. 1:20-CV-00591, 2021 WL 1062566, at *2 (N.D.N.Y. Mar. 18, 2021) (quoting NYLL § 191(1)(a)(i)). "The moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required" entitling a plaintiff to damages. *Vega*, 175 A.D.3d at 1145.

In enacting New York Labor Law 191, the legislature identified manual workers as those "dependent on their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955). On a basic level, manual workers need access to their wages to pay for the necessities of life: food, medical care, rent, and childcare. *See e.g.*, Nishant Choksi, Helping Low-Income Workers Stay Out of Debt, Harvard Business Review (2020) ("Stagnant wages, a rising cost of living, and increasingly irregular schedules routinely force many working Americans onto a financial knife's edge; they're able to pay their usual bills but lack a buffer to handle even small financial shocks. Part of the problem is that most U.S. workers are paid biweekly").

As the legislature has identified this issue, Plaintiff does not need to plead further injury. "[T]he [Supreme] Court explicitly stated in the *Spokeo* decision that 'the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other

words, a plaintiff in such a case need not allege any additional harm beyond the one [the legislature] has identified.'" *Hicks v. T.L. Cannon Management Corp. et al.*, No. 13 Civ 06455 (EAW), 2018 WL 2440732, at *5 (W.D.N.Y Mar. 13, 2018) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)); *see also Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016) ("[w]e do not understand *Spokeo* categorically to have precluded violations of statutorily mandated procedures from qualifying as concrete injuries supporting standing…some violations of statutorily mandated procedures may entail the concrete injury necessary for standing") (citing *Spokeo,* 136 S. Ct. at 1550; *Imbarrato v. Banta Mgmt. Servs., Inc.*, No. 18 Civ. 5422 (NSR), 2020 WL 1330744, at *7 (S.D.N.Y. Mar. 20, 2020) (denying defendants' *Spokeo* argument to dismiss NYLL claims where the legislature had "conferred the procedural right in order to protect an individual's concrete interests").

Following *Vega*, the seminal decision examining NYLL § 191(1)(a), courts have reasoned that, as an underpayment, a late payment of wages is itself a concrete harm constituting a "sufficient injury in fact to establish Article III standing." *Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21 Civ. 9768 (LJL), 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) (citation omitted). For instance, in *Scott v. Whole Foods Mkt. Grp., Inc.*, the court noted that the purpose of the frequency of payment statute is "to protect the manual worker who [is] dependent upon the 'wages' he receive[s] weekly for his existence[,]" in other words to address the concrete harm that befalls manual workers when their wages are not received timely. No. 18 Civ. 0086 (SJF)(AKT), 2019 WL 1559424, at *3 (E.D.N.Y. Apr. 9, 2019), *adhered to on reconsideration*, No. 18 Civ. 0086 (SJF)(AKT), 2020 WL 9814095 (E.D.N.Y. Feb. 5, 2020). Notably, there was no question with respect to whether the plaintiffs in *Scott* had Article III Standing.

This proposition is further supported in *Caul v. Petco Animal Supplies, Inc*., where the

court dismissed arguments that the plaintiff lacked standing in connection with a NYLL 191(1)(a) claim. No. 20 Civ. 3534 (RPK)(SJB), 2021 WL 4407856 (E.D.N.Y. Sept. 27, 2021). There, the court held that "the late payment of wages is a concrete harm." *Id*. at *4 "'[T]emporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing.'" *Id*. (quoting *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019)).

In the court's decision denying the defendant's request for interlocutory appeal on the issue of Article III standing, the defendant argued that a heightened pleading standard should be required. In rejecting this argument, the court reasoned that:

> "…the complaint alleges the facts necessary to establish that plaintiff suffered that injury. Specifically, it alleges that throughout plaintiff's employment, defendants paid her on a bi-weekly basis, instead of 'within seven calendar days after the end of the week in which ... wages were earned,' as she alleges was required by law, Compl. 5; *see id.* 40-41 (alleging defendants' untimely payment of wages to plaintiff on February 15, 2019). **Those allegations are adequate to plead that she was deprived of the time value of her money during periods in which payment was illegally delayed**."

*Caul v. Petco Animal Supplies, Inc.*, No. 20CV3534(RPK)(SJB), 2021 WL 6805889, at *2 (E.D.N.Y. Dec. 22, 2021).

Accordingly, allegations that Plaintiff was not paid his wages timely is sufficient to establish Article III standing.

### ii.    *Courts have similarly accepted allegations of an untimely payment under the FLSA as enough to establish Article III standing.*

The Supreme Court has further instructed that a concrete injury "is not, however, necessarily synonymous with tangible… it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit." *See Spokeo*, 136 S. Ct. at 1549. Courts have routinely found delay in payment to be actionable in FLSA cases. *See e.g. Andrews v. Rite Aid Corp.*, No. 20 Civ. 4521 (VSB) (S.D.N.Y.

Mar. 11, 2021) (oral argument transcript attached as **Ex. A**) (citing *Rogers,* 148 F. 3d at 57 (finding

a delay in payment amounting to $2.96 satisfied Article III standing)). Plainly, the delay of wages

is a traditional harm. As there are no meaningful differences between the FLSA and NYLL, there

is no reason that a delay in payment would not similarly establish standing under both statues. *See*

*Beh v. Community Care Companions Inc.*, No. 19 Civ. 1417 (JLS)(HBS), 2021 WL 3914297, at

*2-5 (W.D.N.Y. Feb. 1, 2021).

      Moreover, it is a well settled financial principle that the time value of money is more in the

present than the future. *See Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir.

2010) ("[e]very day that a sum of money is wrongfully withheld, its rightful owner loses the time

value of the money"). The harm alleged here is "analogous to the harm that has traditionally been

regarded as providing a basis for a lawsuit in English or American courts." *MSPA Claims 1, LLC*

*v. Tenet Florida*, 918 F.3d 1312, 318 (11th Cir. 2019) (citing *Spokeo*, 136 S.Ct. at 1549) (finding

that the plaintiff adequately alleged an economic injury due to inability to use money that belonged

to it). As such, the inability of a plaintiff to have and use money to which they were entitled is a

concrete injury. *See Craig v. Boren*, 429 U.S. 190, 194–95, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976).

      While the Second Circuit has not squarely addressed the issue, other circuits have held that

the temporary deprivation of money is a concrete, monetary harm that establishes Article III

standing.  *See Van v. LLR, Inc.*, 962 F.3d 1160, 1161 (9th Cir. 2020) ("This case requires us to

address whether the temporary deprivation of money gives rise to an injury in fact for purposes of

Article III standing.  We agree with other circuits that the inability to have and use money to which

a party is entitled is a concrete injury.  This is so because every day that a sum of money is

wrongfully withheld, its rightful owner loses the time value of the money.") (internal quotation

marks omitted); *MSPA Claims 1, LLC*, 918 F.3d at 1318; *Dieffenbach v. Barnes & Noble, Inc.*,

887 F.3d 826, 828-29 (7th Cir. 2018) (three day delay in restoring funds to plaintiff's bank account that were used for a fraudulent purchase was an economic injury because it deprived the plaintiff of the time value of money); *see also Porsch*, 380 F. Supp. 3d at 424 ("[T]emporary deprivation of money to which a plaintiff has a right constitutes sufficient injury in fact to establish Article III standing.  As the Honorable Richard Posner has observed, albeit in another context, 'every day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money.'").

### C. *Rosario* Creates A Heightened Pleading Standard Not Contemplated By Relevant Precedent

It is important to note that *Rosario* agrees that "…the late payment of wages can constitute a concrete harm sufficient to confer standing on a plaintiff who seeks relief under Sections 191 and 198 of the NYLL." *Rosario*, 2022 WL 198503, at *3 (citing *Caul*, 2021 WL 4407856 at *4). Despite this, *Rosario* diverges from established jurisprudence and creates a heightened pleading standard requiring a plaintiff to specifically allege that they forwent the opportunity to invest or otherwise use the money to which they were legally entitled.

In reaching its decision, the court in *Rosario* relied on case law that does not support its holding. Neither *TransUnion LLC* nor *Maddox* disturbed the longstanding rule that the deprivation of money to which a plaintiff is entitled to is sufficient to establish Article III standing. Both cases evaluated whether Article III standing existed where the plaintiffs alleged purely statutory violations without experiencing *any* financial injury.

Specifically, the *TransUnion* plaintiffs alleged violations of the Fair Credit  Reporting Act, and the *Maddox* plaintiffs alleged violations of mortgage satisfaction recording requirements. *TransUnion LLC*, 141 S. Ct. at 2200; *Maddox*, 19 F.4th at 60.  For these non-monetary injuries, *TransUnion* and *Maddox* held that to have Article III standing, the plaintiffs had to establish that

they were harmed by the defendants' actions, rather than relying solely on the fact that the defendants violated a statutory requirement. *TransUnion LLC*, 141 S. Ct. at 2214; *Maddox*, 19 F.4th at 65.

 In contrast to the purely statutory claims at issue in *TransUnion* and *Maddox*, allegations that a defendant deprived a plaintiff of money to which the plaintiff was entitled to is sufficient to establish standing.  *TransUnion* explains that in evaluating Article III standing, "courts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally recognized as providing a basis for a lawsuit in American courts." 141 S. Ct. at 2204.  Under this analysis, "certain harms readily qualify as concrete injuries under Article III.  The most obvious are traditional tangible harms, such as physical harms and *monetary harms*."  *Id*. (emphasis added). Thus, there is no question that a monetary harm suffices to establish a "concrete injury" for constitutional standing purposes.  As set forth above, the late payment of wages has long been recognized as a monetary harm.

Similarly, many of the cases relied on in *Rosario* do not support the court's holding. *See e.g.*, *Taylor v. Fed. Aviation Admin*, 351 F. Supp. 3d 97, 103 (D.D.C. 2018). (The court did not "venture down [the] rabbit hole" to determine "if the lost time value of money could suffice to make out an Article III injury"); *Compare Kawa Orthodontics, LLP v. Secretary, U.S. Department of the Treasury*, 773 F.3d 243 (11th Cir. 2014), *with MSPA Claims 1, LLC,* 918 F.3d at 318 (holding that a delayed reimbursement was an economic injury which was the "epitome of concrete."); *Van*, 962 F.3d at 1164 ("[W]e hold that the temporary loss of use of one's money constitutes an injury in fact for purposes of Article III"); *Epstein v. JPMorgan Chase & Co*., No. 13 CIV. 4744 (KPF), 2014 WL 1133567, at *7 n.6 (S.D.N.Y. Mar. 21, 2014) ("Theoretically, Plaintiff could seek to premise standing on a damages theory that he was deprived of the

opportunity to use and/or earn interest on the $0.67 for the seven-week period that it was ostensibly "converted" by Defendants. Plaintiff does not make this claim in his papers and the Court will not make arguments for him").

Moreover, since *TransUnion* and *Maddox* were decided, at least two courts in this Circuit have held that the temporary deprivation of a plaintiff's money (including, in one case, the late payment of wages), standing alone, is sufficient to establish Article III standing. *See McRobie v. Palisades Acquisition XVI, LLC*, No. 15 CV 18, 2022 U.S. Dist. LEXIS 38778 (W.D.N.Y. Mar. 4, 2022) ("The complaint alleges that defendants received over $500 by unlawfully executing on McCrobie's income.  Further, although the funds were apparently returned to McCrobie when the default judgment was initially vacated, McCrobie was never compensated for the period of time he was deprived of his money.  This deprivation constitutes a concrete injury."); *see also Caul*, 2021 WL 4407856 at *8.

Simply put, *Rosario's* heightened standard creates a burden for Plaintiff not supported by the jurisprudence addressing Article III standing.

### D.  Plaintiff's Amended Complaint Adequately Pleads Article III Standing

While Plaintiff believes his original Complaint would satisfy Article III standing, Plaintiff has amended his complaint to meet the heightened pleading standard outlined in *Rosario*. In that regard, Plaintiff's FAC identifies that, as a result of Defendant's underpayment, Plaintiff was denied the time-value of his money and was unable to invest, save, or purchase utilizing the wages he earned and was owed. Dkt. No. 10, ¶ 36. Relying on *Rosario*, Plaintiff has plead that he "forewent the opportunity to invest or otherwise use the money to which he was legally entitled." *Id*.

Plaintiff has also added specific examples to bolster his allegations which respectively goes

11

further than *Rosario* would require. The FAC also alleges that Plaintiff was also unable to pay overdue bills, make timely mortgage payments and unable to make necessary purchases because his wages were not paid timely. Dkt. No. 10, ¶¶ 37-39.

These allegations, taken as a whole, more than meet the heightened pleading standard outlined in *Rosario*.

## IV.    CONCLUSON

For the foregoing reasons, Plaintiff respectfully requests that the Court not dismiss Plaintiff's FAC for lack of Article III standing.

Dated: New York, New York                    Respectfully Submitted,
      March 24, 2022

                                          /s/ *Brian S. Schaffer*
                                          Brian S. Schaffer

                                          **FITAPELLI & SCHAFFER, LLP**
                                          Brian S. Schaffer
                                          Frank J. Mazzaferro
                                          28 Liberty Street, 30th Floor
                                          New York, New York 10005
                                          Telephone: (212) 300-0375

                                          **RAYMOND NARDO, P.C**.
                                          Raymond Nardo
                                          129 Third Street
                                          Mineola, NY 11501
                                          Telephone: (516)248-2121

                                          *Attorneys for Plaintiff and*
                                          *the Putative Class*