UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGH BIRTHWRIGHT, individually and on behalf of all others similarly situated,<br><br>Petitioner,<br><br>vs.<br><br>ADVANCE STORES COMPANY, INC., d/b/a ADVANCE AUTO PARTS<br><br>Defendant. | No: 2:22-CV-00593 (GRB) |

**<u>DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE</u>**

Pursuant to the Court's Order to Show Cause, Defendant Advance Stores Company, Inc., submits this Reply to Plaintiff's Response to Order to Show Cause (Dkt. No. 11) (hereinafter referred to as "Plaintiff's Response"), responding to the Court's Order to Show Cause why this matter should not be dismissed for failure to plausibly allege standing in light of *Rosario v. Icon Burger Acquisition LLC*, 21-cv-4313 (JS)(ST), 2022 U.S. Dist. LEXIS 11454 (E.D.N.Y. Jan. 21, 2022).

The Court has aptly raised a concern that Plaintiff's Complaint fails to plead a "concrete harm" establishing Article III standing for the reasons discussed in *Rosario*. The Amended Complaint does not cure these deficiencies. Plaintiff asserts Judge Seybert "diverges from established jurisprudence and creates a heightened pleading standard." Plaintiff's Response at 9. But Judge Seybert did not stray from established jurisprudence; rather, Judge Seybert correctly followed the Second Circuit's reasoning in *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.,* No. 19-1774, 2021 U.S. App. LEXIS 34056, at *16 (2d Cir. Nov. 17, 2021), which held that merely

1

alleging, in a conclusory fashion, that a harm occurred does not render it concrete – instead, a plaintiff must plead sufficient facts to plausibly allege that the risk of harm "materialized." Judge Seybert applies the same standard described in *Maddox* – not a new one – to the plaintiff's pay frequency claim in *Rosario*: that a plaintiff must "plead enough facts to make it plausible *that [he] did indeed suffer* the sort of injury that would entitle [him] to relief." *Rosario*, 2022 U.S. Dist. LEXIS 11454, at *7 (quoting *Maddox*) (emphasis added).

Plaintiff's allegations here—either in the Complaint or the First Amended Complaint—like the barebones conclusory allegations at issue in *Rosario*, do not contain alleged facts from which this Court could plausibly conclude that Plaintiff *actually suffered* the sort of harm that would entitle him to relief. Plaintiff—who has brought a putative class action, but only worked for Defendant for *three weeks* and was thus deprived of timely payments only twice—attempts to mimic what he believes are facts sufficient to adequately plead harm.[1] He claims he was unable to invest the money or use the money to pay bills or buy groceries. But a close examination of the text of Plaintiff's allegations reveals he still does not allege he *suffered* any monetary harm.

The relevant portion of Plaintiff's First Amended Complaint alleges that:

> 36. Moreover, Plaintiff was denied the time-value of his money by Defendant's underpayments. Plaintiff was unable to invest, save, or purchase utilizing the wages he earned and was owed.
>
> 37. For instance, Plaintiff was already past due on his electric bill, and fell further behind by not being able to pay it because his wages were held for an extra week.
>
> 38. Plaintiff's mortgage was due the first of the month, but he had to wait an extra week (until January 5, 2021) to receive his pay, rather than receiving a check on December 29, 2020,

---

[1] Plaintiff's earnings during the three-week period amounted to $1,640.60 (gross), thus, because he was paid biweekly, at most one half of the wages were allegedly untimely and his entire lawsuit is for $820.30 (gross).

> which would have enabled him to timely pay his mortgage.
>
> 39. Plaintiff routinely goes grocery shopping once a week, but did not receive his pay every week, which impaired his ability to purchase groceries.

Plaintiff does not allege, however, that he had, prior to his employment with Defendant, a practice of investing or saving wages, or that he had plans to invest or save his wages while employed by Defendant such that he was forced to forgo his plans and was deprived of interest that could have been earned if those wages had been invested. As Judge Seybert noted in *Rosario*, "absent factual allegations that the plaintiff *forewent* the opportunity to invest or otherwise *use* the money to which he was legally entitled, he cannot plausibly claim he suffered a harm sufficiently concrete to establish Article III standing." *Rosario,* 2022 U.S. Dist. LEXIS 11454, at *9 (emphasis added). Plaintiff does not allege he forwent the opportunity to invest or otherwise use the wages, only that he was allegedly "unable to invest, save or purchase." Those are not equivalent allegations; the latter do not establish that he suffered harm.

Similarly, Plaintiff merely alleges he was past due on his electric bill, and that he did not timely pay his mortgage. Plaintiff does not, however, allege that there was a penalty or other monetary harm levied by either his utility company or his mortgage company; he alleges only that his electric and mortgage payments were "late." And as to his electric bill, he alleges the payment was *already* late, and he just fell further behind. He does not allege any facts establishing a penalty or harm from this further delay. Nor does Plaintiff allege that, but for the allegedly late payment of his wages, he would have been able to timely pay his electric bill. Again, Plaintiff does not allege that he *suffered* monetary harm because his paycheck arrived on January 5, 2021, as opposed to December 29, 2020.

Finally, Plaintiff alleges he "routinely" goes grocery shopping once per week, and thus his "ability" to go grocery shopping was "impaired." But Plaintiff does not allege that he intended to go grocery shopping between December 29, 2020 and January 5, 2021; nor does Plaintiff allege that he could not do so because he did not have sufficient funds available because of Defendant's actions (*i.e.*, he had no other funds at his disposal to permit him to purchase groceries).

Plaintiff's vague, general allegations are insufficient to establish that a harm actually "materialized." Instead, Plaintiff attempts to circumvent the Second Circuit standard explained in *Rosario* by alleging that one week's late payment of wages caused him harm—without then actually alleging plausible facts that he suffered any harm. For those reasons, Plaintiff's First Amended Complaint, as plead, does not adequately establish that he has Article III standing to pursue his claim before this Court.

Dated: Melville, New York
       March 31, 2022                       Respectfully submitted,

                                            JACKSON LEWIS P.C.
                                            *ATTORNEYS FOR DEFENDANT*
                                            58 South Service Road, Suite 250
                                            Melville, New York 11747
                                            (631) 247-0404

                          By:    */s/ Jeffrey Brecher*
                                JEFFREY BRECHER, ESQ.

**CERTIFICATE OF SERVICE**

      I hereby certify that on 31st day of March, 2022, the within **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

FITAPELLI & SCHAFFER, LLP
Brian S. Schaffer
Frank J. Mazzaferro
28 Liberty Street, 30th Floor
New York, NY 10005
(212) 300-0375

RAYMOND NARDO, P.C.
Raymond Nardo
129 Third Street
Mineola, NY 11501
(516) 248-2121

*Attorneys for Plaintiff
And Putative Class*

By:    */s/ Jeffrey Brecher*
       JEFFREY BRECHER, ESQ.

4857-9907-8424, v. 2