**JacksonLewis**

Jackson Lewis P.C.
58 South Service Road, Suite 250
Melville NY 11747

Direct Dial: (631) 247-4652
Email: JEFFREY.BRECHER@JACKSONLEWIS.COM

May 2, 2022

**VIA ECF**
Judge Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza, Room 840
Central Islip, NY 11722

Re:   Birthwright v. Advance Auto Parts [22-cv-00593]

Dear Judge Brown:

  We represent the Defendant. We are writing, pursuant to Rule II(f) of your Individual Rules, to request a pre-motion conference prior to the filing of a motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6). We are also writing, pursuant to Rule II(b), to request permission for an extension of the page limit for memoranda of law to 35 pages. This extension is needed because the proposed motion to dismiss addresses a significant and unsettled legal issue under New York State law—whether New York Labor Law (NYLL) §191 or §198 provide a private right of action for errors relating to the frequency in which payroll is processed (*e.g.*, paying employees bi-weekly instead of weekly).

  Plaintiff alleges he was employed as a "manual worker" and was required to be paid weekly, instead of bi-weekly in violation of NYLL §191. The issue of whether a private right of action exists, however, has not been addressed by the Second Circuit or the NY Court of Appeals, though the NY Court of Appeals recently decided an analogous case, *Konkur v. Utica Academy of Science Charter Sch.*, 2022 N.Y. LEXIS 70 (2022), where the Court refused to recognize a private right of action for violating another section of Article 6, NYLL §198-b (prohibiting wage kick-backs), which we believe provides convincing reason to believe the NY Court of Appeals would not recognize a private right of action for violating NYLL §191, also an Article 6 provision, and the sole cause of action here.

  Resolution of this unsettled issue requires a careful review of the statutory text and extensive statutory and legislative history of NYLL §§191, 198 and 218, covering more than 100 years. The weekly payment law, for example, was passed in 1890 and there have been many amendments to the Labor Law sionce. As the legislative and statutory history will show, however, the statute did not provide a private right of action 130 years ago, and it does not today. Resolution of the issue also requires review of decades of confusing and conflicting case law that ultimately caused the Legislature to amend the Labor Law in 2021 by passing the "No Wage Theft Loophole Act," L. 2021, c. 397, clarifying what section of the Labor Law addresses unpaid wage claims. It further supports, as we will explain, that errors regarding the frequency in which payroll is processed is not cognizable under NYLL §198, as it covers "wage claims," not non-wage claims, like frequency errors.

  As the Court may be aware, there are currently many pending cases in the EDNY and SDNY (likely more than 100) that have recently been filed alleging that plaintiffs are entitled to one-half their wages for a six-year period (the New York statute of limitation) simply because they were paid bi-weekly instead of weekly. Because the Plaintiff here only worked three weeks, his individual claim is small. But because he seeks to bring a class action, the damages are astronomical. According to Plaintiff, because the employees were paid bi-weekly, instead of weekly, one week of pay in every pay period was paid "late," and thus the employer owes one full week of liquidated damages for *every pay period* during the six-year statute of limitation. For a single employee earning, let's say, $825 per week, this penalty would total a whopping $128,700. For a small business with only 25 employees, the penalty would be a business-ending $3,217,500. For larger employers, the damages are irrational. An employer with 5,000 employees, for example, would owe $643,500,000. Multiply this scenario

by the thousands of employers in New York State and the damages easily exceed several *billion* dollars. And recall, this is not a claim for unpaid or underpaid wages. Every employee was paid for every penny they earned, just paid bi-weekly instead of weekly. The Legislature never intended choosing the wrong payroll frequency to be a business-ending decision.

The floodgates for these claims opened after the First Department decided *Vega v. CM & Assoc. Constr. Mgt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019), where the Court, in a seven-paragraph opinion, recognized a private right of action for violations of NYLL §191 for the first time in 130 years. Several federal courts have simply deferred to it.[1] *Vega* was wrong. And there is overwhelming reason to believe the Court of Appeals would not follow *Vega*. First, *Vega* is no longer good law following *Konkur*, decided after *Vega*.[2] *Vega* created an implied right of action. But in *Konkur*, the NY Court of Appeals held no private right of action can be implied for Article 6 provisions—and NYLL §191 is an article provision—because "where the legislature intended for an article 6 provision to be enforced individually, it expressly provided a private right of action." *Id*. at *8 (emphasis added). Creating an implied right of action violations separation of powers. Second, *Vega* did not consider (at all) the NYLL's enforcement scheme or the structure of the Labor Law. *Vega* was apparently unaware how the DOL has classified frequency of pay violations for decades. The DOL does not impose liquidated damages for pay frequency claims because they are not wage claims, DOL classifies such claims as non-wage claims, not subject to liquidated damages, but instead penalties of $1,000-3,000. Fourth, *Vega* did not review the vast statutory and legislative histories of NYLL §§191 and 198. The First Department did not have the benefit of any briefing about the legislative history because neither party cited any portion of the extensive statutory or legislative history. Fifth, the Court in *Vega* did not have the benefit (as this Court does) of the 2021 Amendment to the Labor Law. In short, *Vega* is not on solid footing, and therefore neither are the cases that have simply deferred to it. And applying *Vega* raises serious constitutional violations because the penalties would have no relation to the actual damages. *See State Farm Mut. Auto Ins. Co v. Campbell*, 538 U.S. 408, 416 (2003).

Accordingly, this Court should not follow *Vega*, but instead engage in a thorough review of the statutory text, statutory history, legislative history, and case law, all which we believe only points in one direction—there is no private right of action, express or implied. *Vega* did not do that, and the courts following *Vega* did not either. This Court should follow the many state and federal cases finding no private right of action exists.[3]

---

[1] *See, e.g.*, *Rodrigue v. Lowe's Home Ctrs., LLC*, 2021 U.S Dist. LEXIS 162849, * 14 (E.D.N.Y. Aug. 27, 2021) (deferring to *Vega*); *Carrera v. DT Hospitality Grp.*, 2021 U.S. Dist. LEXIS 210894, * 27-29 (S.D.N.Y. Nov. 1, 2021) (same); *Caul v. Petco Animal Supplies, Inc.*, 2021 U.S. Dist. LEXIS 184652 (E.D.N.Y. Sept. 27, 2021) (same).
[2] Plaintiff will cite to *Mabe v. Wal-Mart*, 2022 U.S. Dist. LEXIS 53492 (N.D.N.Y. Mar. 24, 2022) in support of his claim that *Konkur* does not conflict with *Vega*. But the court there provided little analysis of *why* the Court of Appeals would follow *Vega* in light of *Konkur* and certainty did not address the arguments Defendant raises here. And notably, the court in *Mabe* court acknowledged that the New York Court of Appeals "might conclude that Section 191(1)(a) violations are not privately actionable" based on *Konkur*. A motion to certify the question to the Second Circuit is pending in that case. And just last week, an amicus brief was filed in support of the request for an interlocutory appeal by organizations representing employers of nearly every size and shape by the U.S. Chamber of Commerce, the Retail Litigation Center, the National Federation of Independent Businesses, the Business Council of New York State, the New York State Restaurant Association, and the Business Council of Westchester. *See* DKT No. 49-1 (April 28, 2022).
[3] *See, e.g.*, *Grant v. Global Aircraft*, Case No. 720074/2019 (New York Supreme Court, Queens County, April 20, 2021) (appeal pending at Second Department); *Hunter v. Planned Bldg. Servs., Inc*., 2018 N.Y. Misc. LEXIS 2896, at *4 (Sup. Ct. Queens Cty. June 11, 2018); *Hussain v. Pak. Int'l Airlines Corp*., 2012 U.S. Dist. LEXIS 152254 (E.D.N.Y. Oct. 23, 2012); *Gardner v. D&D Elec. Constr. Co., Inc*., 2019 N.Y. Misc. LEXIS 4448 (Sup. Ct. N.Y. Cty. Aug. 7, 2019) (same); *Nicholson v. Alliance Nursing Staffing*, 2019 N.Y. Misc. LEXIS 22473 (Sup. Ct., Bronx Cty. Apr. 30, 2019); *Arciello v. Cty of Nassau*, 2019 U.S. Dist. LEXIS 161167 (E.D.N.Y. 2019); *Coley v Vannguard Urban Improvement Assn.*, 2018 U.S. Dist. LEXIS 54609, *42 (E.D.N.Y. Mar. 29, 2018); *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp.3d 336, 360 & n.22 (S.D.N.Y. 2014).

  We recognize that in 2020, before *Konkur*, Your Honor denied a motion to dismiss a NYLL §191 claim, deferring to other federal courts that followed *Vega* in an oral ruling based only on pre-motion letters. *See Caccavale v. Hewlett-Packard Co*., Case No. 20-CV00974, Jan 12, 2020, Tr. pp. 20-22. But at the oral argument, Your Honor noted it was not closing the door to the issue and noted "should there be a decision from another binding court, I'm always eager to hear from you again. So I'll close the door but not forever on this, so we can always deal with this later." *Id.* at p. 21-22.[4] Your Honor also asked whether there were any cases pending before the Second Circuit or the Court of Appeals addressing the issue (hoping that the "cavalry was rushing in" to resolve the issue). Developments have occurred. There has now been a decision from a binding court, the NY Court of Appeals, that conflicts with *Vega* and provides ample reason to believe the NY Court of Appeals would not follow *Vega*. Additionally, the Legislature passed the 2021 amendment to the Labor Law, which as we will explain, further supports that *Vega* was wrong, as does the amicus brief filed in support of the request for interlocutory appeal in *Mabe*, currently pending.

  Thank you for your attention to this matter.

Very truly yours,

JACKSON LEWIS P.C.

/s/ *Jeffrey Brecher*

JEFFREY W. BRECHER

JWB/mf

4884-3036-7517, v. 1

---

[4] The Court subsequently denied a motion for an interlocutory appeal, also before *Konkur* was decided. *See* DKT 3/12/21.