28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

May 18, 2022

**VIA ECF**
Judge Gary R. Brown
United States District Court
Eastern District of New York
100 Federal Plaza, Room 840
Central Islip, New York 11722

      Re: **Birthwright v. Advanced Auto Parts – No. 22-cv-0593**

Dear Judge Brown:

      We represent Plaintiff in the above referenced matter and write in opposition to Defendant's pre-motion request. Dkt. No. 13. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant seeks to dismiss Plaintiff's First Amended Complaint ("FAC") on the ill-fated premise that New York Labor Law ("NYLL") § 191 or § 198 do not provide a private right of action with respect to Defendant's failure to pay timely wages. This argument has consistently been rejected by this Court as well as others in the circuit. *See e.g.*, *Caccavale v. Hewlett-Packard Co.*, Case No. 20-CV-00974.

      Specifically, in 1997, as part of the Unpaid Wages Prohibition Act, the New York legislature amended § 198 to include the following rights-affirming language: "All employees shall have the right to recover full wages, benefits and wage supplements accrued during the six years previous to the commencing of such action . . ."[1] Since then, there has been an unambiguous private right of action under § 198. Thus, in *Vega v. CM & Assocs. Constr. Mgmt., LLC*, the seminal decision addressing 191's timely pay requirements, the New York Appellate Division, First Department, held that "Labor Law § 198 (1-a) expressly provides a private right of action for a violation of Labor Law § 191." 175 A.D.3d 1144, 1146 (2019). "Furthermore, as indicated by the Eastern District of New York, since *Vega* 'every court in this Circuit to consider that decision appears to have followed its construction of the New York Labor Law.'" *Mabe v. Wal-Mart Assocs., Inc.*, No. 1:20-CV-00591, 2022 WL 874311, at *3 (N.D.N.Y. Mar. 24, 2022) (quoting *Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-3534 (RPK/SJB), 2021 WL 4407856, at *3 (E.D.N.Y. Sept. 27, 2021)) (listing cases).

      Despite clear precedent supporting Plaintiff's position, Defendant argues that a recent New York Court of Appeals decision suggests no private right exists. *See, Konkur v. Utica Acad. of Sci. Charter Sch.*, 38 N.Y.3d 38, 40, 185 N.E.3d 483, 484 (2022), *reargument denied*, No. 2022-208, 2022 WL 1259802 (N.Y. Apr. 28, 2022). This argument has recently been rejected by two federal courts determining whether *Konkur's* holding would apply to whether there was a private right of action to § 191's timely pay requirements. *See Mabe*, 2022 WL 874311, at *7 ("…the Court does

---

[1] *See*, Unpaid Wages Prohibition Act of 1997, ch. 605 § 4, 1997 N.Y. Laws 3392, 3393 (1997)

Fitapelli & Schaffer, LLP
May 18, 2022

not read *Konkur* as establishing that the New York Court of Appeals would reject the conclusions reached in *Vega*."); *Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21-CV-9768 (LJL), 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) ("…the question in *Konkur* had to do with the implication of a private right of action for a different provision of the NYLL. *Vega* rested on a different ground").

In *Konkur*, the Court of Appeals addressed a claim by an employee that their employer had violated NYLL § 198–b, which prohibits "kickbacks" by making it unlawful for any person to "request, demand, or receive" part of an employee's wages or salary on the condition that "failure to comply with such request or demand will prevent such employee from procuring or retaining employment." *Konkur*, 38 N.Y.3d at 43 (citing NYLL § 198-b(2)). The Court of Appeals narrowly held that NYLL § 198-b does not contain an implied private right of action for kickback violations. No such allegation has been made in the instant case.

In rendering its opinion, the Court of Appeals recognized the long-standing principle that a private right of action does exist under NYLL § 191, as it relates to the payment of wages:

> As we have made clear, the attorney's fees remedy provided for in section 198 (1-a) must relate to 'wage claims based upon violations of one or more of the substantive provisions of Labor Law [A]rticle 6'[.] And it is Labor Law 191 that 'generally regulates payment of wages by employers and creates reciprocal rights of employees.'

*Id*. (quoting *Gottlieb v Kenneth D. Laub & Co*.,82 NY2d 457,459 (1993)).

Courts analyzing the issue have similarly recognized the difference between the provisions at issue here, NYLL §§ 191 and 198(1-a), and those at issue in *Konkur*. As Judge McAvoy pointed out in *Mabe*:

> As is evident, *Konkur* did not address whether NYLL §§ 191 and 198(1-a) provide a private right of action for untimely paid wages, but rather addressed whether there was an implied right of action under NYLL § 198-b - a statute that does not have an express private right of action. Section 198(1-a), by contrast, provides for an express private right of action for underpayment of wages.

2022 WL at *6; *see also, Elhassa*, 2022 WL 563264, at *2 ("[T]he question in *Konkur* had to do with the implication of a private right of action [under Labor Law § 198–b, which prohibits wage kickbacks]. [] *Vega* ... concluded that the NYLL [§ 198 (1-a)] 'expressly provides a private right of action for [the late payment of wages].' ")(quoting *Vega*, 107 N.Y.S.3d at 288)).

Accordingly, Plaintiff respectfully requests Defendant's request to file a motion to dismiss the FAC be denied. We thank the Court for its time and attention to this matter and look forward to a productive conference on June 29, 2022.

2

Fitapelli & Schaffer, LLP
May 18, 2022

                                                   Respectfully submitted

                                                   /s/ *Brian S. Schaffer*

                                                 Brian S. Schaffer

Cc: Counsel of record (via ECF)