**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

HUGH BIRTHWRIGHT, individually and on behalf of himself and all others similarly situated,

                            Plaintiff,

      -against-

ADVANCE STORES COMPANY, INC., d/b/a
ADVANCE AUTO PARTS,

                            Defendant.

-------------------------------------------------------------------X

FILED
CLERK
3:09 pm, Sep 05, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM & ORDER**
CV 22-0593 (GRB)(ST)

**GARY R. BROWN, United States District Judge:**

      Plaintiff Hugh Birthwright ("plaintiff" or "Birthwright") commenced this putative class action against defendant Advance Stores Company, Inc., d/b/a/ Advance Auto Parts ("defendant" or "Advance Auto Parts"), individually and on behalf of others similarly situated in the State of New York, asserting a single claim for failure to timely pay wages pursuant to New York Labor Law ("NYLL") § 191.  Specifically, plaintiff alleges defendant violated Section 191 by paying him and other similarly situated manual workers every two weeks, instead of once a week. Defendant moves to dismiss the amended class action complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing principally that NYLL does not provide for a private right of action to enforce the weekly payment obligation imposed by Section 191.  Docket Entry ("DE") 19.  Plaintiff opposes the motion.  *Id*.  Both parties have submitted notices of supplemental authorities, DE 21-22, 24-25, 27-28, which the Court has considered.  The Court has reviewed thoroughly the submissions of the parties, and, for the following reasons, defendant's motion is denied in its entirety.

BACKGROUND

The following facts, drawn from the amended class action complaint, are assumed to be true for purposes of the pending motion to dismiss and are viewed in the light most favorable to plaintiff, the non-moving party. *Hamilton v. Westchester Cnty.,* 3 F.4th 86, 90-91 (2d Cir. 2021).

Advance Auto Parts is a Virginia corporation with its principal place of business in Roanoke, Virginia that employs hourly workers in the State of New York. DE 10 ¶¶ 7, 11-13. From December 14, 2021 through January 6, 2022, defendant employed Birthwright as a delivery driver at the Advance Auto Parts' store located in Bay Shore, New York. *Id.* ¶¶ 9, 30. In that position, plaintiff spent a least a quarter of his time performing manual labor, including driving a vehicle; loading and unloading automotive parts; regularly lifting up to 100 pounds; stocking merchandise and other items; and general cleaning of the store. *Id.* ¶¶ 31-32. Birthwright alleges that defendant paid him bi-weekly[1], rather than weekly during the entire length of his employment. *Id.* ¶¶ 2, 33-34. Plaintiff claims that he was injured by defendant's failure to pay weekly wages because he "was denied the time value of his money" in that he "was unable to invest, save, or purchase utilizing the wages he earned and was owed." *Id.* ¶ 36. By way of example, Birthwright alleges that he was in arrears on his mortgage and electric bill payments because his wages were held for an extra week. *Id.* ¶¶ 37-38. Plaintiff also alleges he was unable to purchase groceries due to the delayed payment of wages. *Id.* ¶ 39.

On February 1, 2022, Birthwright filed a class-action complaint in the Eastern District of New York, alleging that defendant failed to pay timely wages in violation of the NYLL § 191.

---

[1] "Bi-weekly" has evolved – somewhat inconveniently – to mean both something that occurs once every two weeks or twice per week (though the latter concept is subsumed by semi-weekly). Here, obviously, the Court uses this to reflect the former and more popular usage.

DE 1.  Plaintiff filed an amended class-action complaint on March 24, 2022.  DE 10.  Plaintiff asserts that he brings this action on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Hourly Workers for Advance Auto Parts in New York from January 29, 2016 through the date of final judgment in this matter (the "New York Class").

*Id.* ¶ 20.  Plaintiff alleges one cause of action against Advance Auto Parts, to wit, that defendant failed to pay Birthwright and the New York Class on a timely basis as required by NYLL § 191(1)(a) because he and others similarly situated were paid bi-weekly, instead of weekly.  *Id.* ¶¶ 40-43.  As a result of the underpayments, they were injured.  *Id.*  Plaintiff seeks to recover from defendant the amount of their untimely paid wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided by NYLL § 198.  *Id.* ¶ 43.

Defendant now moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that plaintiff fails to state a claim because NYLL §§ 191 and 198 do not provide plaintiff with a private right of action to assert a claim for untimely wage payments.  DE 19.  Plaintiff opposes the motion.  DE 19-6.

**DISCUSSION**

**Standard of Review**

Generally, motions to dismiss are decided under the well-established standard of review for such matters, as discussed in *Burris v. Nassau County District Attorney*, No. 14-5540 (JFB) (GRB),  2017 WL 9485714, at *3-4 (E.D.N.Y. Jan. 12, 2017), *adopted by* 2017 WL 1187709 (E.D.N.Y. Mar. 29, 2017), and incorporated by reference herein. The gravamen of that standard, of course, is the question of whether, assuming the allegations of the complaint to be true solely

3

for the purposes of the motion, the complaint sets forth factual material to render the claims plausible.

**Analysis**

Section 191 of the New York Labor Law provides that "[e]every employer shall pay wages in accordance with the following provisions." NYLL § 191(1). One of the provisions is entitled "Manual worker" and provides that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned" unless the Commissioner of the New York Department of Labor "authorize[s]" the employer to pay the worker less frequently than weekly. *Id*. § 191(1)(a). Section 198(1-a) of the New York Labor Law provides in relevant part that, "[i]n any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment [of wages], all reasonable attorney's fees, [and] prejudgment interest." *Id*. § 198(1-a). Section 198(1-a) further provides that "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law," the employee may recover "an additional amount as liquidated damages equal to one hundred percent of the total amount of the wages found to be due." *Id*.

In interpreting a question of state law, a federal court looks "to the state's decisional law, as well as to its constitution and statutes." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020). In the absence of a clear directive from a state's highest court, federal authorities must "predict how the state's highest court would resolve the uncertainty or ambiguity." *Id*. at 499. In doing so, the federal court "is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d

4

Cir. 2010); *see Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199-200 (2d Cir. 2005) (holding federal courts applying state law "are generally obliged to follow the state law decisions of state intermediate appellate courts . . . [i]n the absence of any New York authority or other persuasive data establishing that the highest court of the state would decide otherwise").

In the instant matter, a New York State intermediate court, to wit, the First Department of the Appellate Division, held that Section 198(1-a) of the NYLL "provides a private right of action" for a violation of NYLL § 191. *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 107 N.Y.S.3d 286, 287-88 (1st Dep't 2019). The court in *Vega* reasoned that the purpose of Section 198(1-a) is "enhancing enforcement of the Labor Law's substantive wage enforcement provisions," as the "plain language of the statute indicates that individuals may bring suit for any 'wage claim' against an employer." *Id.* at 287 (*purgandum*²). In addition, the First Department held that Section 198(1-a) permits employees to seek an award of damages for untimely payments of wages even if the employer has paid the wages that were due prior to the commencement of the action. *Id.* at 288 (concluding that "the term underpayment," as used in § 198(1-a), "encompasses the instances where an employer violates the frequency requirements of Section 191(1)(a) but pays all wages due before the commencement of an action"). *Id.* The court in *Vega* found that an underpayment pursuant to § 198(1-1) occurs "[t]he moment that an employer fail[s] to pay wages in compliance with [S]ection 191(1)(a)." *Id.* Although an employer who subsequently pays all wages due can "assert an affirmative defense" on the grounds of the payment, the First Department observed that "payment does not eviscerate the employee's statutory remedies" and concluded that an employee could still seek "statutory

---

²*See Farmers Property and Casualty Ins. Co. v. Fallon*, No. 21-CV-6022 (GRB)(ARL), 2023 WL 4975977, at *3 n.6 (E.D.N.Y. Aug. 3, 2023) (discussing use of "*purgandum*" to indicate the removal of superfluous items for the ease of reading).

remedies," including liquidated damages. *Id*. The court noted that the legislative purposes of NYLL §§ 191 and 198 "are to protect employees who are dependent upon their wages for sustenance" and deter labor law violations." *Id.* at 289 (*purdandum*).

Nevertheless, defendant asks the Court to reject *Vega*, which it contends was wrongly decided. The Court declines to do so.

Since *Vega*, there have been many decisions in this Circuit that have followed the First Department's construction of New York Labor Law in finding a private right of action to enforce Section 191. *See, e.g., Georgiou v. Harmon Stores, Inc.*, No. 2:22-cv-02861-BMC, 2023 WL 112805, at *6 (E.D.N.Y. Jan. 5, 2023) (following *Vega* to hold that plaintiff has a private right of action under §§ 191 and 198(1-a), at least pending further instruction from the New York State courts"); *Levy v. Endeavor Air, Inc.*, No. 21-CV-4387, 2022 WL 16645829, at *5 (E.D.N.Y. Nov. 1, 2022) (collecting cases); *Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-3534 (RPK), 2021 WL 4407856, at *3 (E.D.N.Y. Sept. 27, 2021) (collecting cases); *see also Petrosino v. Fastenal Co.*, No. 1:22-CV-705 (MAD/DJS), 2023 WL 3496362, at *5-6 (N.D.N.Y. May 17, 2023) (collecting cases); *Harris v. Old Navy, LLC*, No. 1:21-cv-9946-GHW, 2023 WL 2139688, at *1(S.D.N.Y. Feb. 20, 2023) ("Many federal courts have evaluated the fundamental question at issue here. All have concluded that the New York State Court of Appeals would follow the reasoning of the First Department's decision in *Vega*") (collecting cases); *Freeland v. Findlay's Tall Timbers Distr. Ctr., LLC*, No. 22-CV-6415-FPG, 2023 WL 4457911, at *8-12 (W.D.N.Y. July 11, 2023) (concluding that defendant "has not presented persuasive evidence that the Court of Appeals would reach a different conclusion than that of the First Department in *Vega,* and its assertion that the canon of constitutional avoidance provides reason to disregard *Vega* is

unpersuasive"); *Rath v. Jo-Ann Stores, LLC*, No. 21-CV-791S, 2022 WL 17324842, at *4 (W.D.N.Y. Nov. 29, 2022) (collecting cases).

Inasmuch as defendant fails to present any "persuasive evidence that the state's highest court would reach a different conclusion" than the First Department in *Vega*, the Court is "bound to apply the law as interpreted by" the intermediate appellate court, *viz*. the First Department.  In short, the Court concludes that the New York Labor Law provides a private right of action to enforce the late payment of wages.  The Court finds that plaintiff has stated a claim for untimely payment of wages under Section 191 of NYLL.  Accordingly, defendant's motion to dismiss is denied.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss is denied.  The parties are directed to proceed with discovery with the assigned Magistrate Judge.

Dated: Central Islip, New York
September 5, 2023

/s/ Gary R. Brown
HON. GARY R. BROWN
United States District Judge