**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

CORRY JONAS and KEVIN BADILLO, individually
and on behalf of all persons similarly situated,

                Plaintiffs,
   v.

ADVANCE STORES COMPANY, INC.,

                Defendant.

----------------------------------------------------------------X

**FILED**
**CLERK**

3:27 pm, Sep 05, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM & ORDER**
CV 22-3340 (GRB)(ST)

**GARY R. BROWN, United States District Judge:**

    Plaintiffs Corry Jonas and Kevin Badillo (collectively "plaintiffs") commenced this putative class action against defendant Advance Stores Company, Inc. ("defendant" or "Advance Auto Parts"), individually and on behalf of others similarly situated in the State of New York pursuant to the New York Labor Law ("NYLL") § 191, to recover damages for delayed payments of wages.  Specifically, plaintiffs allege that defendant was required to pay manual workers weekly, but instead paid them and other similarly situated employees every two weeks in violation of the NYLL.  Presently before the Court is defendant's motion pursuant to Rule 12 of the Federal Rules of Civil Procedure, seeking to dismiss this action with prejudice under the "first-filed rule," or in the alternative to consolidate this case with an earlier filed case, *Birthwright v. Advance Stores Company, Inc.*, No. 2:22-CV-0593 (GRB)(ST), pursuant to Rule 42 of the Federal Rules of Civil Procedure.  For the reasons that follow, the Court denies defendant's motion to dismiss, but grants defendant's alternative motion to consolidate this action with *Birthwright v. Advance Stores Company, Inc.*, No. 22-CV-0593 (GRB)(ST).

1

## BACKGROUND

*1. Instant Action*

The following facts are drawn from the complaint and are "accept[ed] as true" for purposes of the motion to dismiss. *Hamilton v. Westchester Cnty*, 3 F.4th 86, 90-91 (2d Cir. 2021).

Plaintiff Corry Jonas ("Jonas") commenced his employment with defendant in March 2018 as a retail parts pro at one of the Advance Auto Parts' stores located in Brooklyn, New York, a location that has since been closed. Docket Entry ("DE") 1 at ¶¶ 2, 26. In that position, plaintiff's duties consisted of lifting auto parts packages up to 100 pounds, installing batteries for customers, ordering auto parts, and rearranging store shelves to match planograms. *Id*. ¶ 34. In November 2021, Jonas became an assistant manager at the Advance Auto Parts' store located in Baldwin, New York, and he performed all the duties as a retail parts pro as well as provided management support for the stores' general manager. *Id*. ¶ 34. Jonas thereafter worked for Advance Auto Parts at defendant's New York stores located in South Ozone Park, Floral Park, and Brooklyn. Currently, Jonas continues to work for defendant at the Advance Auto Parts store in Island Park. *Id*. ¶ 28. Throughout his employment with defendant, Jonas spent at least a quarter of the time performing manual labor within the meaning of the NYLL. *Id*. ¶ 39.

Plaintiff Kevin Badillo ("Badillo") commenced his employment with defendant in June 2016, and he worked as a driver, commercial manager, and a closing manager at two Advance Auto Parts locations in New York. *Id*. ¶¶ 29-33. Throughout his employment with defendant, Badillo spent at least a quarter of the time performing manual labor, including loading, unloading, and delivering merchandise to Advance Auto Parts stores and commercial customers, lifting, stocking, rearranging store shelves and changing and installing batteries for customers.

*Id*. ¶¶ 29-33, 39. Plaintiffs allege that defendant was required to pay them weekly, but instead paid them and other manual workers every two weeks. *Id*. ¶¶ 54-58.

Plaintiffs filed the instant class action complaint against defendant on June 6, 2022 in the Eastern District of New York (WFK), alleging that defendant failed to pay timely wages in violation of NYLL § 191(1)(a). DE 1. Specifically, plaintiffs allege that they and others similarly situated were paid on a bi-weekly basis in violation of NYLL § 191(1)(a) which requires that manual workers be paid weekly, and as a result of the underpayments, they were injured. *Id*. ¶¶ 54-58. Plaintiffs seek actual damages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided by NYLL § 198. *Id*. ¶ 59. On November 11, 2022, the case was reassigned to the undersigned.

Defendant now moves to dismiss the class action complaint based on the first-filed rule. DE 13. Alternatively, defendant moves to consolidate this case with the first-filed case *Birthwright v. Advance Stores Company, Inc.*, No. 22-CV-0593 (GRB)(ST). *Id*. Plaintiff opposes the motions. DE 14.

## DISCUSSION

**A.    Motion to Dismiss Based on First-Filed Rule**

Pursuant to the first-filed rule, "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 22 (2d Cir. 2018) (*purgandum*[1]). The rule "promotes wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Rothchild v.*

---

[1] *See Farmers Property and Casualty Ins. Co. v. Fallon*, No. 21-CV-6022 (GRB)(ARL), 2023 WL 4975977, at *3 n.6 (E.D.N.Y. Aug. 3, 2023) (discussing use of "*purgandum*" to indicate the removal of superfluous items for the ease of reading).

3

*General Motors LLC*, No. 19-CV-5240 (DLI), 2020 WL 13581659, at *3 (E.D.N.Y. Sept. 30, 2020) (*purgandum*).  The first-filed doctrine "does not provide an invariable mandate.  Instead, it creates a presumption in favor of proceeding in the forum where the first complaint was filed.  It is not meant to be applied in a rigid or mechanical way, and is quite commonly overcome where circumstances warrant." *Iconic IP Holdings, L.L.C. v. Gerrit's Brands, Inc.*, No. 21-CV-1068 (AMD), 2021 WL 7543607, at *3 (E.D.N.Y. May 21, 2021) (*purgandum*).  "Ultimately, the application of the rule is an equitable task within the sound discretion of the district court." *Id*. (*purgandum*).

When considering whether to apply the first-filed rule, the court examines "whether the lawsuits at issue assert the same rights and seek relief based upon the same facts.  The lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially." *Jeffrey v. DTG Operations, Inc.*, No. 19-CV-7209 (PKC), 2020 WL 1536323, at *2 (E.D.N.Y. Mar. 31, 2020) (internal quotation marks and citation omitted).  In *Horowitz*, the Second Circuit found, however, that "[t]he first-filed rule has no import where . . . the two cases at issue reside on the docket of the same district judge.  The able district judge is perfectly capable of consolidating [the two cases] as necessary." 888 F.3d at 22 (vacating a district court's dismissal of a trademark infringement action pursuant to the first-filed rule where both cases alleged the same claims against the same defendants, were pending in the same district, and "none of the considerations motivating . . . application of the first-filed rule remain[ed]"); *see New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (observing generally that the first-filed rule applies to cases in different jurisdictions and "states that, in determining the proper venue, where there are two competing lawsuits, the first should have priority"); *see also Burke v. Bimbo Bakeries USA, Inc.*, No. 19-CV-11101 (PMH), 2020

4

WL 4547219, at *2 (S.D.N.Y. Aug. 6, 2020) (noting that courts have "found that consolidation, not dismissal, is appropriate when two cases with similar claims and parties are pending in the same court") (collecting cases); *Spratley v. FCA US LLC*, No, 3:17-CV-0062, 2017 WL 4023348, at *8 (N.D.N.Y. Sept. 12, 2017) ("The first-filed rule is rarely applied to cases within the same district because those cases can be consolidated for discovery and/or trial pursuant to Federal Rule of Civil Procedure 42(a).").

Here, as in *Horowitz*, the *Jonas v. Advance Auto Stores Company, Inc.*, No. 22-CV-3340 (GRB)(ST) and *Birthwright v. Advance Stores Company, Inc.*, No. 22-CV-0593 (GRB)(ST) are pending in the same court and before the same judge. Although the named plaintiffs in each of the cases are different, both the *Jonas* and *Birthwright* actions assert similar claims, seek relief based upon the same facts, and have been filed on behalf of the same class of manual employees as against the same defendant. Moreover, the considerations and circumstances motivating dismissal pursuant to the first-filed rule, namely conservation of judicial resources, the risk of inconsistent judicial determinations, and the parties' burden in litigating an action in multiple venues, are not present here. Accordingly, because the "first-filed rule has no import where . . . the two cases at issue reside on the docket of the same district judge," *Horowitz*, 888 F.3d at 22, defendant's motion to dismiss based on the first-filed rule is denied.

B.    **Motion to Consolidate Related Cases**

Under Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The district court has "broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284

5

(2d Cir. 1990); *see Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 343 (E.D.N.Y. 2018). "Consolidation is 'a valuable and important tool of judicial administration' that should be 'invoked to expedite trial and eliminate unnecessary repetition and confusion'." *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 204 (E.D.N.Y. 2019) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)). Nonetheless, the court's discretion "is not unfettered" and "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson.*, 899 F.2d at 1285 (citations omitted).

In evaluating whether consolidation is appropriate, district courts must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Darish v. N. Dynasty Minerals Ltd.,* No. 20-CV-5917 (ENV), 2021 WL 1026567, at *4 (E.D.N.Y. Mar. 17, 2021) (*purgandum*).

The Court has carefully considered each of these factors, and finds that, in light of the highly similar (i) factual allegations, (ii) claims, and (iii) issues of law in each of the two putative class actions against defendant, the interests of justice are best served by consolidation. *See, e.g., Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) ("Consolidation would further the goal of judicial economy because discovery in each case is likely to be identical, [and] motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Nevertheless, plaintiffs in the instant case submit that while consolidation of the cases may be appropriate, consolidation at this stage is "premature," because there are (i) differences between plaintiffs' employment history and job title(s) with defendant in the *Jonas* case and the *Birthwright* case; (ii) plaintiffs' intend to file an amended complaint in the *Jonas*

6

case to include an alternative theory of relief; and (iii) plaintiffs may settle their cases before any class is certified in the earlier action. DE 14. The Court disagrees.

Based on its review of the complaints in both actions, the Court finds (i) the sole underlying claim in the instant case, *viz.* the failure to pay timely wages in violation of New York Labor Law § 191, is identical to the only claim asserted in the *Birthwright* case; (ii) the definition of the proposed class in the *Jonas* action, to wit, "[a]ll employees in Advance Auto Part Stores in the State of New York between the date preceding the filing of this complaint and the date a class is certified," is the same as the class in the *Birthwright* case; (iii) the time period covered by the *Jonas* class definition is subsumed by the *Birthwright* class; (iv) the pleadings seek the same relief; and (v) both actions involve the identical defendant. The fact that plaintiffs in the respective actions have differences in employment periods or job title(s) does not alter the Court's conclusion that the two cases involve common factual and legal issues and are premised on the same allegations that plaintiffs suffered damages as a result of defendant's failure to pay them and other hourly manual workers on a timely basis in violation of New York Labor Law § 191. Moreover, the *Birthwright* plaintiff (and class) are not foreclosed from seeking an alternate measure of damages such as that proposed by plaintiffs in the *Jonas* case in their anticipated filing of an amended complaint.[2] Finally, settlement is always an option in any civil litigation regardless of the procedural posture of an action. On balance, the Court concludes that consolidation will promote judicial economy, avoid duplicative proceedings and streamline adjudication of related matters with no prejudice to defendant.

---

[2] For example, in the *Birthwright* amended complaint's prayer for relief, plaintiff seeks "[s]uch other relief as this court shall deem just and proper." *See* CV 22-0593 (GRB), DE 10.

7

Accordingly, in light of the Court's determination that consolidation is appropriate, the Court grants defendant's motion to consolidate this case with *Birthwright v. Advance Stores Company, Inc.*, No. 22-CV-0593 (GRB)(ST).

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss the complaint based on the first-filed rule is denied. Defendant's motion to consolidate this case with *Birthwright v. Advance Stores Company, Inc.*, No. 22-CV-0593 (GRB)(ST) is granted.

Pursuant to Federal Rule of Civil Procedure 42(a), the Court consolidates *Jonas v. Advance Stores Company, Inc.*, No. 22-CV-3340 (GRB)(ST) with *Birthwright v. Advance Stores Company, Inc.*, No. 22-CV-0593 (GRB)(ST). The Clerk of the Court is directed to consolidate the two actions under *Birthwright v. Advance Stores Company, Inc.*, No. 22-CV-0593 (GRB)(ST) and close *Jonas v. Advance Stores Company, Inc.*, No. 22-CV-3340 (GRB)(ST).

Plaintiffs in each action are directed to file, within fourteen days of the date of this Order, a Consolidated Complaint incorporating the claims of the amended complaint in the first filed action and the complaint in the second filed action. The Consolidated Complaint shall not assert new allegations against defendant without further leave of Court.

**SO ORDERED.**

Dated: Central Islip, New York
      September 5, 2023                                                      /s/ Gary R. Brown
                                                                           **GARY R. BROWN**
                                                                           United States District Judge