FILED
CLERK

12:04 pm, Jun 27, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HUGH BIRTHWRIGHT, individually and on
behalf of all others similarly situated,

                        Plaintiff,

               - against -

ADVANCE STORES COMPANY, INC.,
d/b/a ADVANCE AUTO PARTS,

                        Defendant.
-------------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**

Civil Action
No. 22-593 (GRB)(ST)

**GARY R. BROWN, United States District Judge**:

In this putative class action alleging a single claim for failure to timely pay wages pursuant to New York Labor Law ("NYLL") § 191, defendant moves for reconsideration and judgment on the pleadings. For the following reasons, defendant's motion is DENIED.

*Background*

The factual background and procedural history of the matter are set forth in *Birthwright v. Advance Stores Co., Inc.*, No. CV 22-0593 (GRB)(ST), 2023 WL 5718633, at *1 (E.D.N.Y. Sept. 5, 2023) ("*Birthwright I*"), familiarity with which is assumed and incorporated herein.

The instant motion seeks reconsideration of *Birthright I* after a change in the legal landscape, to wit: the Second Department's decision in *Grant v. Glob. Aircraft Dispatch, Inc.*, 223 A.D.3d 712, 719 (2d Dep't 2024), which held that "[New York] Labor Law § 198 does not expressly provide for a private right of action to recover liquidated damages, prejudgment interest, and attorneys' fees where a manual worker is paid all of his or her wages biweekly, rather than weekly, in violation of Labor Law § 191(1)(a)." Prior to *Grant*, this Court—and many courts in this Circuit—relied on the First Department's decision in *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019) in holding that a plaintiff may proceed under NYLL §

1

198 when he or she is paid biweekly instead of weekly, as required by § 191. *See Birthwright I*, 2023 WL 5718633, at *3 (collecting cases). Since there are now contradicting intermediate appellate decisions among the state courts, this Court is tasked with the duty of predicting how the New York Court of Appeals would decide the issue. *See Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000) ("A federal court sitting in diversity has to predict how the state court would resolve an ambiguity in state law."); *Cooper v. Am. Airlines*, 149 F.2d 355, 359 (2d Cir. 1945) ("We think this case is in that zone in which federal courts must do their best to guess what the highest state court will do.").

This opinion follows.

***Discussion***

*Standard of Review*

Motions for judgment on the pleadings are decided under the well-established standard of review for motions to dismiss, *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (citation omitted), as discussed in *Toure v. Air France*, No. 21-CV-1645 (GRB)(ST), 2022 WL 4079592, at *1 (E.D.N.Y. Sept. 6, 2022). Defendant also frames this motion as one for reconsideration; the standard of review for such matters is discussed in *In re 21st Birthday Denials of Special Immigrant Juv. Status Applications by USCIS*, No. 22-CV-1926 (GRB), 2023 WL 3949736, at *3 (E.D.N.Y. Feb. 10, 2023).

*Private Right of Action Under NYLL § 191*

Defendant argues that in light of the recent Second Department decision in *Grant*, this Court should vacate its earlier decision in *Birthwright I* and find that plaintiff has no private right of action under NYLL § 191. However, *Grant* merits no such outcome. "With one exception, every court within this Circuit that has confronted the split in appellate authority has remained

2

persuaded by *Vega*." *Levy v. Endeavor Air Inc.*, No. 21-CV-4387 (ENV)(JRC), 2024 WL 1422322, at *2 (E.D.N.Y. Mar. 29, 2024) (collecting cases); *see also Covington v. Childtime Childcare, Inc.*, No. 23-CV-710 (BKS)(MJK), 2024 WL 2923702, at *4 (N.D.N.Y. June 10, 2024) (same). For example, in a well-reasoned and thorough decision, Judge Vincent L. Briccetti addressed largely the same arguments defendant raises here and ultimately rejected those claims. *See Zachary v. BG Retail, LLC*, No. 22-CV-10521 (VB), 2024 WL 554174, at *9 (S.D.N.Y. Feb. 12, 2024). Additionally, courts in this district have followed suit. *See, e.g.*, *Levy*, 2024 WL 1422322, at *2 ("Accordingly, the Court is persuaded that the New York Court of Appeals would adopt *Vega*'s holding that §§ 191 and 198 expressly confer upon employees a private right of action."); *Garcia v. Skechers USA Retail, LLC*, No. 23-CV-1055 (PKC)(JAM), 2024 WL 1142316, at *7 (E.D.N.Y. Mar. 15, 2024) ("Accordingly, the Court concludes that the New York Court of Appeals is likely to adopt *Vega*'s reasoning. As such, the Court finds that NYLL §§ 191 and 198 provide for a private right of action, and Plaintiff's Section 191 claim may proceed.").

While acknowledging the split among the Appellate Divisions and the lack of clear guidance from the Court of Appeals, this Court ultimately agrees with the detailed and persuasive reasonings set forth in *Zachary*, *Garcia*, *Levy*, and others. Therefore, this Court concludes that the New York Court of Appeals would agree with the holding of *Vega* and find that NYLL §§ 191 and 198 appear to provide for a private right of action.[1]

---

[1] Article 6, Section 3(b)(9) of the New York State Constitution prevents this Court from certifying an unresolved question of state law to the New York Court of Appeals, limiting such certifications to federal courts of appeals, the U.S. Supreme Court, and appellate courts of last resort. *See also* N.Y. COMP. CODES R. & REGS. tit. 22, § 500.27(1). New York's rule of disallowing certification by district courts runs contrary to the majority of states. *See* Advisory Group to the New York State and Federal Judicial Council, *Practice Handbook on Certification of State Law Questions by the United State Court of Appeals for the Second Circuit to the New York State Court of Appeals*, at 4 n.2 (3d ed. 2016) (accessed at http://www.ca2.uscourts.gov/docs/Third% 20Edition% 20of% 20Certification% 20Handbook.pdf) [https://perma.cc/B9U4-CRKF]. Considering the sweeping ramifications of the issue presented herein—and judicial efficiency, consistency, and comity—the exclusion of federal district courts from this procedure seems ill-advised.

*Conclusion*

Based on the foregoing, defendant's motion is DENIED. The parties are directed to proceed with discovery with the assigned Magistrate Judge.

**SO ORDERED.**

Dated: June 27, 2024
       Central Islip, New York

                                              /s/ Gary R. Brown
                                              GARY R. BROWN
                                              United States District Judge