UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HUGH BIRTHWRIGHT, individually and on
behalf of all others similarly situated,

                          Plaintiff,

                - against -

ADVANCE STORES COMPANY, INC.,
d/b/a ADVANCE AUTO PARTS,

                         Defendant.
-------------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**

Civil Action
No. 22-593 (GRB)(ST)

**GARY R. BROWN, United States District Judge**:

       Following this Court's denial of defendant's motion for judgment on the pleadings, *see Birthwright v. Advance Stores Co., Inc.*, No. CV 22-593 (GRB)(ST), 2024 WL 3202973 (E.D.N.Y. June 27, 2024) ("*Birthwright II*"), defendant now moves for certification of that order for interlocutory appeal. For the following reasons, that motion is GRANTED.

       A district court may certify an order for interlocutory appeal where the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" *In re Brookhaven Nat'l Lab'y Trichloroethylene Cases*, 514 F. Supp. 3d 546, 550 (E.D.N.Y. 2021) (quoting 28 U.S.C. § 1292(b)). Interlocutory appeals are nevertheless "a rare exception to the final judgment rule that generally prohibits piecemeal appeals" and are therefore "reserved for those cases where an intermediate appeal may avoid protracted litigation." *Id.* (quoting *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865–66 (2d Cir. 1996)).

       Application of these principles establish that certification is warranted here. There can be no dispute that the first and third factors are satisfied. This matter involves a controlling question

of law since a reversal of *Birthwright II* would likely be dispositive. *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) ("[I]t is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action."). In this matter, unlike many others, the issue in question remains the sole live claim. Thus, disposition of that claim would advance the termination of litigation. The remaining question is whether there is substantial ground for difference of opinion as to the controlling question of law. That question must be answered in the affirmative. While plaintiff is correct that *Birthwright II* is consistent with many decisions, both state and federal, this Court cannot (and has not) ignored the "split among the Appellate Divisions" as well as the conflicting views of the district courts. *See Birthwright II*, 2024 WL 3202973, at *1-2.

Moreover, significant societal interest further warrants certification. Should the Second Circuit (or New York Court of Appeals upon certification of the question) uphold or reject *Birthwright II*, such determination would have significant implications for employers and employees across the state. Therefore, "[w]hen a ruling satisfies these criteria and 'involves a new legal question or is of special consequence,' then the district court 'should not hesitate to certify an interlocutory appeal.'" *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)). The Court shall not hesitate here today.

### *Conclusion*

Based on the foregoing, defendant's motion is GRANTED and *Birthwright II* is hereby CERTIFIED for interlocutory appeal to the Second Circuit Court of Appeals.

**SO ORDERED.**

Dated: July 24, 2024  /s/ Gary R. Brown
      Central Islip, New York  GARY R. BROWN
        United States District Judge