**JacksonLewis**

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville, NY  11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

December 16, 2024

**VIA ECF**

Magistrate Judge Steven L. Tiscione
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Hugh Birthwright v. Advance Auto Parts <u>Case No. 22-cv-00593</u>

Dear Judge Tiscione:

We are counsel for Defendant, Advance Stores Company, Incorporated ("Advance Auto Parts"). We are writing, pursuant to Rule III(A) of your Individual Rules, to request a stay of discovery pending further appellate review by the New York Court of Appeals on a controlling issue of law that will determine whether this case can proceed.

### I. Background

In *Grant v. Glob. Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (2d Dep't 2024), the New York State Appellate Division, Second Department, held there is no private right of action for violations of the pay frequency provisions of New York Labor Law § 191—the only claim alleged in First Amended Complaint ("FAC"). Plaintiff alleges Defendant violated NYLL § 191 by paying him on a biweekly basis, instead of weekly and as a result he claims he is entitled to 100% of the "late" paid wages as a penalty even though he was paid all of his earned wages. If *Grant* is correct, this putative class action seeking to represent more than 10,000 employees, would be summarily dismissed. The Court in *Grant* rejected a First Department decision, *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019), which held there is a private right of action. Thus, the New York State appellate courts are split on a determinative issue of law that would resolve this case.

In February 2024, the plaintiff in *Grant* filed a motion with the Second Department for reargument, or in the alternative, leave to appeal to the New York Court of Appeals. *See* App. Div. Case No. 2021-03202, NYSCEF No. 24. While the defendant in *Grant* opposed the request for reargument, the defendant took no position on the latter request for leave to appeal (at least as to whether a private right of action exists for pay frequency violations). *Id*., NYSECF No. 25. That motion was fully submitted on March 16, 2024, and has been pending before the Second Department for nearly nine months. *See id*., NYSCEF No. 26.3. It is, therefore, likely the Second Department will issue a decision on the motion for leave to appeal shortly and, if granted (which is expected in light of the split of authority between the appellate divisions on a pure legal issue of significant importance in hundreds of cases), the New York Court of Appeals will then resolve the conflict in the appellate divisions and determine whether this case can proceed.

A stay of discovery in this large putative class action involving more than 10,000 employees and seeking millions of dollars in damages, is thus, warranted. Indeed, at least ten cases pending in district courts in the Second Circuit (including *all* E.D.N.Y. cases of which we are aware) have granted a stay of the discovery in nearly identical NYLL § 191 actions based on the pending motion for leave to appeal to the Court of Appeals in *Grant*:

1. *Sethy v. Victoria's Secret Stores*, 2023 U.S. Dist. Lexis 124756 (S.D.N.Y. July 19, 2023) ("this action is hereby stayed pending the Second Department's rule in *Grant v. Aircraft Delivery Dispatch*, App. Div. No. 21-03202") (J. Abrams).
2. *Urena v. Sonder USA Inc.,* 2024 U.S. Dist. Lexis 60014 (S.D.N.Y. Mar. 28, 2024) (noting "[a] stay is especially warranted here, where a higher court is close to settling an important issue of law bearing on the action.") (J., Marrero).
3. *Garcia v. 10 Roads Express, LLC*, Case No. 22-cv-02783 (E.D.N.Y. Apr. 17, 2024) (discovery stayed pending "potential clarification of the applicable state law by the New York Court of Appeals" given the

"brewing department split" within the New York Appellate Division and the motion for leave to appeal filed in *Grant*) (J., Azrack).

4. *Mohammed v. Leap Services., Inc.*, Case No. 24-01318 (S.D.N.Y. May 23, 2024) (Dkt. No. 35) (granting parties joint request to stay discovery pending further appellate review of *Grant*) (J., Furman).

5. *Caccavale v. Hewlett-Packard*, Case No. 20-00974 (E.D.N.Y. June 18, 2024) ("claims brought by Plaintiffs against HP Defendants shall be stayed until the New York Appellate Division, Second Department decides the pending, unopposed motion for leave to appeal the decision in *Grant*) (J., Choudhury) (also pending before Your Honor).

6. *Matias v. Hauppauge Hotels II., LLC*, Case No. 23-06153 (E.D.N.Y. June 20, 2024) (staying case pending further appellate review in *Grant*) (J., Azrack).

7. *Gutierrez v. Carters, Inc.*, Case No., 22-03234 (E.D.N.Y. July 23, 2024) ("The case is stayed pending resolution of the motion in the Second Department in *Grant v. Global Aircraft Dispatch, Inc*., 223 A.D.3d 712, for leave to appeal to the New York Court of Appeals.) (J., Donnelly).

8. *Pry v. Auto-Chlor Sys., LLC*, (S.D.N.Y. Aug. 7, 2024) ("If the New York Court of Appeals issues a ruling in *Grant*, the decision would control the outcome of this case. Both parties would be prejudiced by expending time and resources litigating a question that may be definitively resolved by the New York Court of Appeals in the near future.") (J., Ho).

9. *Confusione et al v. Autozoners, LLC*, Case No. 21-cv-00001 (E.D.N.Y. Sept. 30, 2024) (ECF No. 64) (staying discovery "pending the New York Court of Appeals' potential review of *Grant*," and directing the parties to file a joint status report after the New York Court of Appeals decides whether or not to review *Grant*) (J., Azrack).

10. *Sylvester v. Southern Cross, LLC*, 2024 U.S. Dist. Lexis 204533 (E.D.N.Y. Nov. 9, 2024) (granting stay of discovery pending *Grant* because "[e]xpending further resources of the Court and parties on a difficult question of New York law that the Court of Appeals may imminently resolve would be wasteful.").[1]

The Court here should grant the motion for a stay of discovery for the same reasons.

## II.     Procedural History

As noted, Plaintiff's FAC alleges a single cause of action: violation of NYLL § 191. ECF No. 10 ¶¶ 3; 41-42. Before *Grant* was decided, Defendant moved to dismiss the FAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6). ECF No. 19. The Court denied the motion, deferring to *Vega*, in the absence of any other state appellate decision at that time. *Birthwright v. Advance Stores Co*., 2023 U.S. Dist. LEXIS 156585 (E.D.N.Y. Sep. 5, 2023).

On January 17, 2024, the Second Department decided *Grant*, expressly rejecting *Vega*. Relying on *Grant*, Defendant filed a motion for judgment on the pleadings and reconsideration, seeking dismissal of the FAC. ECF No. 61. Before briefing commenced, Defendant also asked this Court for a stay of discovery pending Judge Brown's ruling on Defendant's anticipated motion for judgment on the pleadings. ECF No. 50. Your Honor granted that motion and stayed discovery finding the prejudice to Defendant and the interests of the public and the court outweighed any alleged prejudice to the Plaintiff. *See generally*, ECF. No. 56.

On June 27, 2024, Judge Brown ultimately denied Defendant's motion for judgment on the pleadings, but acknowledged the "split among the Appellate Divisions," and the "lack of clear guidance from the Court of Appeals." Appx. 8-11. Defendant promptly asked the court to certify the issue for an interlocutory appeal under

---

[1] *But see*, *Covington v. Childtime Childcare, Inc*., 2024 U.S. Dist. Lexis 206472 (N.D.N.Y. Nov. 13, 2024) (denying motion to stay pending further appellate review in *Grant*). The court in *Covington* relies on several other decisions where a stay was denied in NYLL § 191 cases (*id*. at *3), but these cases are inapposite as the stay of discovery was sought *prior to* the Appellate Division, Second Department, deciding *Grant*—*i.e., before* there was a split in the state appellate courts and *before* a motion for leave to appeal to the New York Court of appeals was pending. The court in *Covington* does also cite *Bryant v. Buffalo Exch. Ltd*., 2024 U.S. Dist. Lexis 140311 (S.D.N.Y. Aug. 4, 2024), where the court denied a motion for a stay after *Grant*, noting a decision from the Court of Appeals "may never come." But the court in *Bryant* devotes three sentences to the request for a stay (the opinion largely addresses the merits of the motion) and is in the minority. It is also in tension with the Second Circuit decision here, denying the motion for interlocutory appeal in light of the pending appeal in the New York state appellate division and possible resolution by the New York Court of Appeals. *See Advance Stores Company, Inc. v. Birthwright*, Case No. 24-2111, Dkt. No. 25.1 (Dec. 4, 2024).

28 U.S.C. §1292(b) and Judge Brown granted the motion in an Order dated July 24, 2024, finding all the requirements of Section §1292(b) satisfied. ECF No. 67.  Your Honor denied a motion to stay discovery pending Judge Brown's ruling on the motion for interlocutory appeal, but following the Order certifying the issue for interlocutory appeal, Your Honor again stayed discovery pending the Second Circuit's decision on the Petition, upon consent of the parties.  ECF. No. 73; *see* Order, 7/25/24.

On December 4, 2024, the Second Circuit denied Defendant's Petition for interlocutory appeal noting the state law issue presented is already subject to a motion for leave to appeal to the New York Court of Appeals pending before the New York State Appellate Division.  *See Advance Stores Company, Inc. v. Birthwright*, Case No. 24-2111, Dkt. No. 25.1 (Dec. 4, 2024).  Now that the Second Circuit has denied the petition, discovery will commence—absent a further stay sought here.  While Plaintiff consented to a stay previously, Plaintiff does not consent to this request.

### III.     The Court Should Issue Order Staying Discovery

"A district court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012)).  In deciding whether to issue a stay, courts consider the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Loftus*, 464 F. Supp. 3d at 526.

As the cases granting stays of discovery in nearly identical cases have held, all these factors favor staying discovery pending further appellate review in the New York Court of Appeals.  *See Pry v. Auto-Chlor Sys, LLC*, 2024 U.S. Dist. Lexis 140785, *4 (S.D.N.Y. Aug. 8, 2024) (finding "all five factors favor a stay in this case"); *Sylvester v. Southern Cross., LLC,* 2024 U.S. Dist. Lexis 204533, *3 (E.D.N.Y. Nov. 9, 2024) (noting that "as several courts have concluded, these factors favor staying this case pending the potential resolution of the *Grant-Vega* split").

The stay would not unduly prejudice Plaintiff (or the class he seeks to represent), as the FAC only seeks liquidated damages for untimeliness and does not contend that the Plaintiff or the class were not paid any wages owed.  *Id*.  Delay in receiving such an award is also remedied by granting Plaintiff the pre-judgment interest he seeks. *Id*. (same).   Recall, Plaintiff here *consented* to a stay of discovery pending the Second Circuit's review of the Petition for interlocutory appeal, undermining any claim of prejudice now.  The prejudice to the defendant, the plaintiff, the Court, and public, however, are substantial.  This case will require a substantial expenditure of resources from both parties in discovery.  Multiple depositions will need to be completed, a motion for class certification briefed and decided, and the attendant discovery motions.  This will result in vast waste of money and time, both for the parties and the Court (and the public who pays for it) if the New York Court of Appeals holds there is no private right of action, as the Second Department held in *Grant*.  Indeed, grounds for granting a stay are even stronger now than in the cases previously granting a stay, as a decision from the Appellate Division is likely imminent, given the motion has been fully briefed now for nine months (and in light of the prompt from the Second Circuit in its rejection of Defendant's Petition).  As noted, at least ten other cases (including all E.D.N.Y. cases) have been stayed pending further appellate review in *Grant*.  Denying a stay here would also result in inconsistent treatment of parties before the Court.

For the reasons stated above, and consistent with the many decisions granting a stay of discovery, Defendant respectfully requests that the Court enter an Order staying discovery pending further appellate review by the New York Court of Appeals.

*Jeffrey W. Brecher*